MATHILDE HANSEN, Appellant, *v.* FRANK V. KELLY, as Administrator, etc., of ANNA C. SCHONFULL, Deceased, Respondent.

Second Department, February 4, 1927.

Wills — action on alleged contract made between plaintiff and decedent whereby decedent agreed to will plaintiff all her property if plaintiff would care for decedent during remainder of her life — plaintiff fulfilled her part of contract — evidence establishes agreement alleged and plaintiff is entitled to judgment.

This is an action on an alleged contract between the decedent and plaintiff whereby the decedent agreed that if the plaintiff would care for her during the remainder of her life she would leave to plaintiff all of her property. The plaintiff performed her part of the contract but the decedent failed to leave her property to the plaintiff. The undisputed facts show that the plaintiff, without

any obligation on her part so to do, promised to and did care for the decedent for four years prior to her death; that the decedent stated many times her intention of giving all of her property to the plaintiff; and that the decedent died without relatives. Under the circumstances, the plaintiff has proven her cause of action and is entitled to judgment in her favor.

KAPPER, J., dissents.

APPEAL by the plaintiff, Mathilde Hansen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 3d day of August, 1926, dismissing the complaint on the merits upon the report of a referee appointed to hear and determine the whole issues.

*Herman B. Forman* [*Richard A. Geis* with him on the brief], for the appellant.

*Peter B. Hanson,* for the respondent.

PER CURIAM. There is abundant evidence that plaintiff cared for the decedent for about four years immediately preceding her death. As decedent was not a relative, plaintiff was under no obligation to do so. The only testimony that decedent ever bore any part of the expenses of the household is that of the witness Conlon that Mrs. Schonfull told him " she was paying half of everything there, just as she agreed before taking up the apartment." This, of course, is not conclusive, and the testimony of the witness Fixler that she told decedent she did not give any money to plaintiff and that decedent replied, " Well, I gave her my bank book and she is going to get everything I own," would seem to negative her declaration to Conlon, at least so far as the actual expenditure of money by her is concerned.

There is also evidence that decedent expressed herself on numerous occasions as intending to make a will in plaintiff's favor and leave her everything she had. The witness Fixler testified that, when she asked decedent why she did not help Mrs. Hansen, she said, " Well, I gave her my bank book and she gets everything when I die," and that, as soon as she was able to go down, she was going to have her will drawn, and that she would leave everything to Mrs. Hansen; that, if she died, everything would go to Mrs. Hansen.

The witness Rosita Conlon testified about decedent's request to her husband to help her make her will, " that she did not expect there would be much to do as she expected to leave everything to Mrs. Hansen, as she had promised to take care of her until her death." On numerous occasions decedent stated to disinterested witnesses that plaintiff had agreed to and did care for her and was most kind to her.

We have then these facts undisputed: That plaintiff, without any obligation on her part so to do, promised to and did care for the decedent for four years before her death; that decedent declared her intention many times to make a will in plaintiff's favor and there is no conclusive evidence that she ever paid for plaintiff's care of her. Decedent had no relatives to whom she could leave her estate and never expressed her intention to leave it to any one except plaintiff. If her claim fails, the property passes to the State. We think the inference may be fairly drawn that decedent promised to leave her property to plaintiff by will in consideration of plaintiff's care for her in her declining years.

We think the judgment should be reversed on the law and the facts, with costs, and judgment directed in favor of plaintiff. Findings of fact contrary to this decision are reversed, and findings in accordance herewith will be made by this court.

KELLY, P. J., MANNING, YOUNG and LAZANSKY, JJ., concur; KAPPER, J., dissents upon the ground that the evidence did not establish either a gift or a contract to make a will.

Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff. Findings of fact contrary to this decision are reversed, and findings in accordance herewith will be made by this court.